UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLENN INTEREST INVESTMENT FIRM LP, et al.,

            Plaintiff,

v.                                                                            Case No. 22-cv-1370-bhl

CITY OF MILWAUKEE, et al.,

            Defendants.

---

## ORDER DISMISSING CASE

---

On November 18, 2022, *pro se* Plaintiff Micah Glenn filed this action against six named Defendants.[1] (ECF No. 1). On that same day, he also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

In this case, there is no need to evaluate Glenn's indigency; to the extent his complaint is comprehensible, it is frivolous. "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues frivolous *pro se* complaints. *See Denton*, 504 U.S. at 33.

---

[1] Glenn Interest Investments Firm LP also appears *pro se* through Micah Glenn. A limited partnership, however, like a corporation, cannot appear *pro se*. *See Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty*, 543 F.2d 32, 33 (7th Cir. 1976); *Runkle v. United States*, 962 F.Supp. 1112, 1113 (N.D. Ind. 1997).

Glenn's complaint is frivolous. He claims that federal officials, state attorneys, and judicial actors all mistook him for a piece of property called: "MICAH ERNEST GLENN." (ECF No. 1 at 4.) This somehow resulted in the loss of MICAH ERNEST GLENN, implicating the Trading with the Enemy Act of 1917. (*Id.* at 5-6.) Attachments to his complaint confirm that Glenn is seeking to use this case to file "bogus 'land patents'" to confound Wisconsin's "system of recording interests in real property." *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986). The Seventh Circuit has previously held such behavior "sufficiently frivolous to support an award of damages." *Id.* at 673. Accordingly, the case is dismissed for frivolousness pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's case is frivolous under 28 U.S.C. §1915(e)(2)(B)(i). Accordingly, the case must be **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 23, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge