UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLENN INTEREST INVESTMENTS FIRM LP
And MICAH GLENN,

                Plaintiffs,

v.                                          Case No. 22-cv-1370-bhl

CITY OF MILWAUKEE, et al

                Defendants.

---

### ORDER DENYING MOTION FOR RECONSIDERATION, MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND MOTION FOR EXTENSION OF TIME TO APPEAL

---

       On November 18, 2022, Plaintiffs Micah Glenn and Glenn Interest Investment Firms LP[1] brought this lawsuit against the City of Milwaukee and five individual defendants. (ECF No. 1.) Glenn also moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Consistent with 28 U.S.C. Section 1915, the Court screened Glenn's complaint and dismissed it for frivolousness. (ECF No. 3.) As the Court's Order explains, to the extent Glenn's papers are intelligible, they represent a frivolous attempt to file "bogus 'land patents'" to confound Wisconsin's "system of recording interests in real property." *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986).

       Glenn has now filed motions for an extension of time to appeal, reconsideration, and leave to file an amended complaint. (ECF Nos. 7, 8, & 9.) The Court will address each in turn.

       The Court construes the motion for reconsideration as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Prods. Co.*, 705 F.2d 249, 250 (7th Cir. 1983.) "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence . . . or . . . points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th

---

[1] As the Court's Order explained, Glenn Interest Investment Firms LP is a limited partnership that cannot appear *pro se*. *See Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty*, 543 F.2d 32, 33 (7th Cir. 1976); *Runkle v. United States*, 962 F.Supp. 1112, 1113 (N.D. Ind. 1997).

Cir. 1996). Glenn's motion does neither. Instead, he asks the Court to liberally construe his pleadings and indicates that he meant to check the box for diversity jurisdiction. (ECF No. 7 at 1.) The Court dismissed Glenn's complaint because it was frivolous, not for want of jurisdiction. (ECF No. 3 at 1-2.) And even excessively liberal construction cannot rescue a frivolous complaint. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Glenn's motion for reconsideration cannot remedy the frivolousness of his complaint, so it must be denied.

Glenn also seeks leave to file an amended complaint. "[W]hen a plaintiff—especially a *pro se* plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend." *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). This, however, is not a per se rule. Rather, courts should grant leave to amend when "frivolous factual allegations could be remedied through more specific pleading" or where the absence of sufficient facts in the complaint is due to the unskilled nature of the *pro se* plaintiff. *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (citations omitted). The problem with Glenn's complaint is that it pleads only a frivolous cause of action. *See Glick*, 782 F.2d at 672-73. More specifics would not help him. Indeed, his complaint already contains an abundance of specific facts. (ECF No. 1.) But these facts only confirm that the suit he is bringing is frivolous. He is therefore not entitled to amend his complaint, and his motion will be denied.

Finally, Glenn seeks an extension of time to file his Notice of Appeal. (ECF No. 9.) This motion is unnecessary. "A timely motion for reconsideration filed with a window to appeal . . . renders an otherwise final decision of a district court not final for purposes of appeal." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019) (citation omitted). Because he filed a timely motion for reconsideration, Glenn's window to appeal will not commence until this Order is filed. Thus, there is no need to grant his motion for an extension of time, so it will be denied as moot.

**IT IS HEREBY ORDERED** that Glenn's Motion for Reconsideration, ECF No. 7, is **DENIED**.

**IT IS FURTHER ORDERED** that Glenn's Motion for Leave to File an Amended Complaint, ECF No. 8, is **DENIED**.

**IT IS FURTHER ORDERED** that Glenn's Motion for Extension of time, ECF No. 9, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on December 22, 2022.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge