UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN INTEREST INVESTMENT FIRM LP, et al,

                Plaintiffs,

                                                                   Case No. 22-cv-1370-bhl

    v.

CITY OF MILWAUKEE et al.,

                Defendants.

## ORDER DENYING MOTION TO APPEAL IN FORMA PAUPERIS

        On November 18, 2022, Plaintiff Micah Glenn, proceeding *pro se*, filed this case against six named Defendants.[1] (ECF No. 1.) He also moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), the Court screened the complaint and dismissed it for frivolousness. (ECF No. 3.)

        On December 30, 2022, Glenn filed a notice of appeal. (ECF No. 11.) Three weeks later, he moved for leave to appeal without prepayment of the filing fee. (ECF No. 15.) Under the Prison Litigation Reform Act, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). "[I]t is at least theoretically possible that an appeal from a [Section 1915] dismissal (and accompanying denial of leave to proceed in forma pauperis in the district court) could be taken in 'good faith.'" *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997), *overruled on other grounds by Coleman v. Lab. And Indus. Rev. Comm'n of Wis.*, 860 F.3d 461 (7th Cir. 2017). But district courts may not "grant leave to proceed in forma pauperis on appeal to plaintiffs whom they have denied leave to proceed in forma pauperis[] without a statement of reasons." *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995). Thus, a district court might explain that it granted leave to appeal in forma pauperis because the case concerned a "close question." *Hains*, 131 F.3d at 1250.

---

[1] Glenn Interest Investments Firm LP also attempts to appear *pro se* through Michal Glenn. A limited partnership, however, like a corporation, cannot appear *pro se*. *See Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty*, 543 F.2d 32, 33 (7th Cir. 1976); *Runkle v. United States*, 962 F.Supp. 1112, 1113 (N.D. Ind. 1997).

Glenn's case was not a toss-up. He sought to file "bogus 'land patents'" to confound Wisconsin's "system of recording interests in real property." *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986). Circuit precedent confirms that such behavior is "sufficiently frivolous to support an award of damages." *Id.* at 673. Glenn's appeal is, therefore, not taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Glenn's Motion for Leave to Appeal Without Prepayment of the Filing Fee, ECF No. 15, is **DENIED**.

Dated at Milwaukee, Wisconsin on January 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge